UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SANMEDICA INTERNATIONAL, LLC, and QUALITY IP HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>METABOLIC RESEARCH CENTER; METABOLIC RESEARCH CENTER OF BREVARD, COUNTY, INC.; METABOLIC RESEARCH CENTER OF FORT WALTON BEACH, INC.; METABOLIC RESEARCH CENTER OF JACKSONVILLE, INC.; METABOLIC RESEARCH CENTER OF MERRITT ISLAND, INC.; and JOHN DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO SERVE DEFENDANTS BY ALTERNATE MEANS THROUGH PUBLICATION (DOC. NO. 10)**<br><br>Case No. 2:20-cv-00316-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiffs' Ex Parte Motion for Leave to Serve Defendants by Alternate Means Through Publication ("Mot.," Doc. No. 10). As set forth in the motion and supporting declaration, Plaintiffs hired a private investigator to try to locate Defendants, and their process server attempted service on multiple occasions at two Florida addresses identified by the investigator. (Mot. 2, Doc. No. 10; *see also* Decl. of Steven W. Garff in Support of Mot. ("Garff Decl.") ¶¶ 2–7, Doc. No. 10-1.) At the first address, two individuals, on separate occasions, refused to identify themselves and told the process server it was not the location of Metabolic Research Center. (Mot. 2, Doc. No. 10; Garff Decl. ¶¶ 3–4, Doc. No. 10-1.) At the second address, an individual who refused to identify himself told the process server the correct address for Metabolic Research Center was the first address where service had been attempted.

1

(Mot. 3, Doc. No. 10; Garff Decl. ¶ 7, Doc. No. 10-1.)  Plaintiffs' counsel and private investigator were also unable to locate active registered agents for Defendants on the Florida Secretary of State's website.  (Mot. 3, Doc. No. 10; Garff Decl. ¶ 8, Doc. No. 10-1.)

In their motion, Plaintiffs request leave to serve Defendants via publication.  (Mot. 1–2, 5, Doc. No. 10.)  At the court's direction, Plaintiffs filed a supplemental brief regarding efforts to locate an email address for Defendants.  (Pls' Suppl. Br. in Support of Mot., Doc. No. 13.)  The supplemental brief requests leave to serve Defendants via email, and indicates Plaintiffs' private investigator and counsel found the email address support@emetabolic.com on the "Contact Us" page of Defendants' website.  (*Id.* at 2.)

Federal Rule of Civil Procedure 4(h) governs serving a corporation, partnership, or other unincorporated entity.  Rule 4(h)(1)(A) permits service of such entities "in the manner described in Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In this case, Plaintiffs filed their complaint in the District of Utah.  Therefore, Utah law applies.

Utah Rule of Civil Procedure 4(d)(5)(A) provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."  Utah R. Civ. P. 4(d)(5)(A).  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."  *Id.*  Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

Plaintiffs have met their burden to make reasonably diligent efforts to locate and serve Defendants by hiring a private investigator and making multiple attempts to serve Defendants at two separate addresses. (Mot. 2–3, Doc. No. 10; Garff Decl. ¶¶ 2–7, Doc. No. 10-1.) In doing so, Plaintiffs have shown Defendants' whereabouts "cannot be ascertained through reasonable diligence." Utah R. Civ. P. 4(d)(5)(A). The alternative service method initially proposed by Plaintiffs, service by publication, is unlikely to apprise Defendants of this action. However, service by email to the email address Plaintiffs identified in their supplemental brief, as well as by mail to the addresses where service was attempted, are means "reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B).

For these reasons, the court GRANTS IN PART the motion and ORDERS Defendants to be served as follows:

(1) The summons, the complaint, and a copy of this order shall be sent to Defendants at the email address support@emetabolic.com three times per week for two consecutive weeks, not more often than once every other day (unless a response is received from Defendants acknowledging receipt of service).

(2) Each such email shall include a subject line stating, "Service of Federal Court Summons and Complaint as Ordered by the Court."

(3) The content of the email cover message should include the following:

To: Metabolic Research Center, Metabolic Research Center of Brevard, County, Inc., Metabolic Research Center of Fort Walton Beach, Inc., Metabolic Research Center of Jacksonville, Inc., and Metabolic Research Center of Merritt Island, Inc.

Please find attached the following three documents:

- Complaint
- Summons
- Order of the court dated November 6, 2020 providing for service of process by email.

(4) The summons, the complaint, and a copy of this order shall also be mailed to

Defendants at the following addresses, where Plaintiffs attempted service:

3229 HWY 17, Green Cove Spring, FL 32043

6191 W. Shore Rd, Flemind Island, FL 32003

(5) Upon completion of these steps, Plaintiffs shall file proof of compliance with the

court's order.

(6) The deadline to complete service is extended to **December 4, 2020**.

DATED this 6th day of November, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge